ALEXANDER C. MORRISON, Respondent, *v.* JANE VAN BENTHUY-
SEN et al., as Executors, etc., Appellants.

(Argued October 19, 1886 ; decided November 23, 1886.)

THE following is the *mem.* of opinion herein :

" This appeal involves a question of power to order a com-
pulsory reference. The Special Term made such order, but
the General Term reversed it, holding that no power existed to
grant it. The action was an equitable one. The complaint in
substance alleged that the assignor of the plaintiff became the
owner through an execution sale of the interest of one Thomp-
son in the partnership property of Thompson & Horrocks, and
so entitled to ascertain and recover that interest ; that upon
judgments and executions against the partnership property the
whole of it was sold to George Warhurst at a price very far
below its actual value ; that the sacrifice was occasioned by the
fraudulent conduct of Warhurst in preventing purchasers from
bidding, by a false representation of a chattel mortgage incum-
brance, and a direct bargain with another judgment creditor
not to bid ; that Warhurst transferred the property purchased
to the defendants, Jane Van Benthuysen and Anna Horrocks,
by a conveyance made without consideration and with a fraudu-
lent intent ; that Warhurst is dead and the defendant Nuttall
is his executor, and Thompson went into bankruptcy, and all
his rights passed to the defendant Hicks as assignee ; that
Horrocks by a compromise arrangement had satisfied all the
debts of the firm ; and that Warhurst and his fraudulent ven-
dees had used some of the property purchased, had sold some,

and collected insurance money upon a portion destroyed by fire. The relief asked is that the sale to Warhurst be set aside; that his estate and his fraudulent vendees account for the use of the property and its value; that the Warhurst judgments be satisfied out of those assets and the balance be paid to plaintiff and Thompson's assignee; and that a receiver be appointed to sell the property and give to the plaintiff two-thirds of it, that having been Thompson's proportion of the capital. To this action Horrocks, one member of the firm and the sole surviving partner, is not a party. No accounting of the partnership assets is asked for on either side and none can be had in his absence. It is not for us to conjecture how the plaintiff's action can be maintained without making Horrocks a party. If it can be it will be because no partnership accounting is required. If it cannot be the plaintiff may be obliged to amend his complaint and bring in Horrocks as a party, and then for the first time such an accounting will become possible and necessary. But as the case stands the only accounting requisite or sought is to ascertain the value of the property fraudulently sold, the value of the use, and possibly the amount of insurance realized. These are purely items of damage and involve no accounting. (*Camp* v. *Ingersoll*, 86 N. Y. 433.) The theory of the plaintiff is that he will be entitled to the whole or two-thirds of such aggregate values. He perhaps may seek to uphold that theory by the contention that the sale though void as to plaintiff is good as to Horrocks who does not repudiate it and so has lost all interest in the question, or in the fruits of the litigation, or upon some other ground as yet undisclosed. But whatever else may be true about the case it seems entirely certain that there can be no receivership of the partnership assets and no administration and settlement of its affairs in an action to which the sole surviving partner is not a party. It follows that no long account was involved in the action and that the decision of the General Term was correct.

"The order appealed from should be affirmed, with costs."

*Nathaniel C. Moak* for appellant.

*E. F. Bullard* for respondent.

FINCH, J., reads *mem.* for affirmance.
All concur.
Order affirmed.