LINUS W. THAYER, Respondent, *v.* DONALD MCNAUGHTON, Impleaded, etc., Appellant.

To justify a compulsory order of reference under the Code of Civil Procedure (§ 1013), there must be evidence showing the existence of the statutory conditions, *i. e.*, that the trial will require the examination of a long account on either side and will not require the decision of difficult questions of law. It is not sufficient that the case may, by possibility, involve the examination of such an account, enough must be alleged or shown to justify an inference that it will.

This rule applies as well to equitable as to legal actions.

(Argued October 21, 1889; decided October 29, 1889.)

APPEAL from order of the General Term of the Supreme Court in the fifth judicial department, made the first Tuesday of June, 1889, which affirmed an order of Special Term, referring the issues herein to a referee for trial.

The complaint herein alleged, in substance, that plaintiff was retained as attorney by the R. & S. L. R. Co., and rendered services of the value of $300; that defendants entered into an agreement with that company whereby they undertook to pay the claims of its unsecured creditors, including plaintiffs, with moneys placed in their hands for that purpose, but have not paid said claim. The relief demanded was payment and an accounting. The answer put in issue the material allegations of the complaint. On the hearing of a motion on the part of the plaintiff to put the case over the term, for

which it was noticed for trial, the court ordered a reference, the defendants declined to consent thereto.

*J. W. Taylor* for appellant.   A reference can be ordered against the consent of a party only when the examination of a long account is involved and the case is free from difficult questions of law, and facts must be shown bringing the case within the requirements thereof. (Code Civ. Pro. § 1013; *Ross* v. *Combes*, 5 J. & S. 290; *Shepard* v. *Eddy*, 18 N. Y. S. R. 839; *Dane* v. *L., etc., Ins. Co.*, 21 Hun, 259; *Bates* v. *E. Mfg. Co.*, 10 Civ. Pro. R. 218; *Evans* v. *Kalbfleisch*, 4 J. & S. 450; *DeGraffe* v. *MacKinley*, 38 Super. 203; *Robinson* v. *N. Y., L. E. & W. R. R. Co.*, 12 N. Y. S. R. 66.) Not only must such facts be shown, but the court must decide thereon that a proper case has been made. (2 Rumsey's Pr. 344.)   The statute does not authorize a compulsory reference when the accounts will arise and come in question collaterally.   They must be the immediate object of the suit or the ground of the defense, that is directly, and not collater-ally, or incidentally involved. (*Kain* v. *Delano*, 11 Abb. [N. S.] 29, 36; *Camp* v. *Ingersoll*, 86 N. Y. 433, 436; *Willard* v. *D. & W. Co.*, 16 N. Y. S. R. 497.) It must also be shown that no difficult questions of law will arise on the trial. (*Dane* v. *L., etc., Ins. Co.*, 21 Hun, 259.) The fact that this action is one triable by the court does not call for the enforcement of a different rule. (*Read* v. *Lozin*, 31 Hun, 286; *Barnes* v. *West*, 16 id. 68.)

*L. W. Thayer* for respondent.   Whether this action is one at law or in equity, the Code clearly authorizes a compulsory reference.   (Code, § 1013.)   The question whether at the Special Term the learned justice exercised the power and discretion conferred upon him correctly may be reviewed, perhaps in the General Term, but never is it in this court. (*Martin* v. *W. H. Co.*, 70 N. Y. 101; *Harrington* v. *Bruce*, 84 id. 103; *Welsh* v. *Darragh*, 52 id. 590; *Eldridge* v. *N. Y. & B. B. R. R. Co.*, 82 id. 613; *Platt* v. *Platt*, 66 id. 360.)

*L. A. Hayward* for respondent. The order of reference appealed from is a discretionary order, and cannot be reviewed by this court. (*Martin* v. *W. H. Co.*, 70 N. Y. 101; *Harrington* v. *Bruce*, 84 id. 103; *Welsh* v. *Darragh*, 52 id. 590; *Eldridge* v. *N. Y. & B. B. R. R. Co.*, 82 id. 631, 632; *Platt* v. *Platt*, 66 id. 360.) The character of the action is determined by the complaint. The answer cannot change it. If the action is a referable one, the answer cannot make it a non-referable one. ( *Welsh* v. *Darragh*, 52 N. Y. 590; *Untermeyer* v. *Beinhauer*, 105 id. 524; *Eldridge* v. *N. Y. &. B. B. R. R. Co.*, 82 id. 631, 632.) When the complaint shows that an accounting is a necessary part of the relief sought, even though other relief may be demanded, a reference is properly directed. (*Harrington* v. *Bruce*, 84 N. Y. 103; *Genet* v. *D. & H. C. Co.*, 10 N. Y. S. R. 35; *Robinson* v. *N. Y., L. E. & W. R. R. Co.*, 12 id. 66.) The power to refer an action as involving a long account is permissive, not peremptory, and evidently intended more for the benefit of the court than as a right of the parties. (*Goodyear* v. *Brooks*, 4 Robt. 682; Code, § 1013.)

ANDREWS, J. Section 1013 of the Code of Civil Procedure prescribes the conditions under which a compulsory reference may be ordered. It can only be done where the trial will require the examination of a long account on either side, and will not require the decision of difficult questions of law. This must appear in order to justify the court in ordering a reference against the consent of either party. There was no evidence before the court when the order of reference was made, that the statutory conditions existed upon which a compulsory reference could be ordered. There was nothing in the nature of the action or in the pleadings tending to show that the examination of a long account on either side would become necessary on the trial. The most that can be claimed is, that it is possible that the accounting demanded of the defendants of the trust fund placed in their hands to pay the unsecured

creditors of the Rochester and State Line Railroad Company will require an account of outstanding debts and of payments made by the trustees which may consist of numerous items. But this was not averred or shown, and it is quite consistent with what is alleged in the pleadings that the debts and payments may be few in number, and that the only serious controversy on the trial will relate to the account of the plaintiff. The plaintiff's account, as appears from the complaint, consists of but three or four items of services on one retainer, and clearly no long account is involved in proving the services or their value.

It is not enough to justify a compulsory reference that the case may, by possibility, involve the examination of a long account. There must be enough alleged or shown to justify an inference that that will be the course of the trial. The same rule applies to equitable as to legal actions. In neither case can a compulsory reference be ordered unless the trial will require the examination of a long account. In equity actions the reference may be of the whole issues, or any one of them, or to report upon specific questions of fact. But the power of the court to order the reference is limited by the general condition contained in the first clause of section 1013, which is alike applicable to cases triable by the court and cases triable by jury. (*Camp* v. *Ingersoll*, 86 N. Y. 433; *Barnes* v. *West*, 16 Hun, 68; *Read* v. *Lozin*, 31 id. 286.)

We think the order of reference was not authorized by any facts appearing before the court, and that as it was made against the protest of the defendant, it should be reversed.

Orders of Special and General Terms reversed, with costs.

All concur, except RUGER, Ch. J., not voting.

Orders reversed.