## C. B. KEOGH MANUF'G CO. v. MOLTEN et al.

(Supreme Court, General Term, First Department.   October 16, 1891.)

COMPULSORY REFERENCE—LONG ACCOUNTS—AFFIDAVIT.

An affidavit which merely alleges that the trial of the issues will involve the examination of a long account will not warrant an order for a compulsory reference, where there is nothing to show how long the account is.

Appeal from special term, New York county.

Action by the C. B. Keogh Manufacturing Company to foreclose a mortgage.   Defendants, Charles Molten and Frederick A. Wall, claiming mechanics' liens on the property in controversy, appeal from compulsory order of reference.

Argued before VAN BRUNT, P. J., and DANIELS, J.

Thornton, Earle & Kiendl, for appellant Molten.   William C. Reddy, for appellant Wall.   M. A. Vosburgh, (Abner C. Thomas, of counsel,) for respondent.

VAN BRUNT, P. J.   We do not see how the order in this case can be sustained.   In the case of Thayer v. McNaughton, 117 N. Y. 111, 22 N. E. Rep. 562, it is distinctly held that a compulsory reference can only be ordered where the trial will require the examination of a long account, and will not require the decision of difficult questions of law, and that these facts must be shown to justify the court in ordering a reference against the consent of the other party.   In the case cited there was no evidence before the court when the order of reference was made that the statutory conditions existed upon which the compulsory reference could be ordered; and so with the case at bar.  There is an allegation in the answer of one of the defendants that he furnished work, labor, and materials amounting to a certain sum, which he claimed to be a lien upon the premises in question superior to the mortgage, and he asked for a foreclosure of this lien, and a sale of the premises to pay

the amount due to him. How many items or how long an account this claim consisted of is nowhere stated. It is true that in one of the affidavits upon which the order of reference was granted the statement is made that the trial of the issues will require the examination of a long account on the side of the plaintiff, consisting of several items of charges, but how many items of charges, or how long an account, is nowhere stated; and, as was the case of *Thayer* v. *McNaughton,* it is quite consistent with what appears upon the face of these papers that the debts and payments may be few in number. It is not sufficient to justify a compulsory reference that the case may possibly involve the examination of a long account. There must be enough alleged or shown to justify an inference that that will be the cause of the trial. The power of the court being limited, the conditions upon which such power can be exercised must be established. This was not done in the case at bar, and the order was therefore unauthorized. The order should be reversed, with $10 costs and disbursements, with liberty, upon payment of costs and disbursements of appeal, to renew motion for reference, upon proof of length of accounts and that no other substantial issues are involved.