CORNELL *et al. v.* UNITED STATES ILLUMINATING CO.

(*Supreme Court, General Term, First Department.* November 13, 1891.)

1. RIGHT TO REFERENCE—ACTION FOR SPECIFIC SUM.
   Where a cause of action is founded on contract, and the complainant demands, in respect thereof, a specific sum of money, plaintiff is not entitled to a reference, under Code Civil Proc. N. Y. § 1013, permitting the trial of issues of fact by a referee "where the trial will require the examination of a long account on either side."

2. SAME—GOODS SOLD.
   Nor, under such provision, will plaintiff be entitled to a reference where the cause of action is stated to be for goods and merchandise sold, work and labor performed for defendant of a specified value, without alleging such a state of facts as will justify the legal inference that the trial will involve the examination of long accounts.

3. SAME—AFFIDAVIT OF ATTORNEY.
   In such case, an affidavit of plaintiff's attorney that the trial will require the examination of a long account, without giving the facts on which the same is based, is insufficient to support an order of compulsory reference.

Appeal from special term, New York county.

Action by Charles G. Cornell, Jr., and another, plaintiffs, against the United States Illuminating Company, defendant. The causes of action set out in the complaint are as follows: "(1) That heretofore, on or about the 19th day of February, 1890, the plaintiffs entered into a contract with the defendant to supply certain pipes, valves, and fittings to connect live steam with its engines numbers 5 and 6, at its Washington-Street station, and to put the same in place, at an agreed upon price of $997.47, which the defendant promised to pay for the same; that the plaintiffs have duly supplied the pipes, valves, and fittings

called for in and by such contract, and have put the same in place, and duly performed and completed the contract on their part, and that said sum of $997.47 became due from the defendant therefor.   (2) That on the 30th day of April, 1890, the plaintiffs, at the defendant's request and upon its promise to repay the same, paid the wages of five men, amounting to $24.85, for services rendered in setting in place certain of the defendant's steam-pipes and connections at said station, and that there became due from the defendant on account thereof the said sum of $24.85.   (3) That at divers times between the 17th day of December, 1889, and the 17th day of June, 1890, the plaintiffs sold and delivered other goods and merchandise to the defendant, and performed other work and labor for it at its request, and in connection with its said business, and that the reasonable value and agreed upon price therefor amounted in the whole to the sum of $3,368.07, which amount became due from the defendant therefor." From an order sending the case to a referee defendant appeals.   Reversed.

Code Civil Proc. N. Y. § 1013, provides that the court may direct the trial of the issues of fact by a referee "where the trial will require the examination of a long account on either side, and will not require the decision of difficult questions of law."

Argued before DANIELS and LAMBERT, JJ.

*Cravath & Houston,* for appellant.   *Richards & Heald, (Dickinson W. Richards,* of counsel,) for respondents.

LAMBERT, J.   The first and second causes of action set forth in the complaint have their foundation in contract, and a specific sum of money in each case is sought to be recovered; so it requires no argument to demonstrate that they do not involve an account, within the meaning of the provisions of the Code.

The third cause of action is for goods and merchandise sold, work and labor performed, for the defendant by the plaintiffs, of the alleged reasonable value and agreed price of $3,368.07, between December 17, 1889, and June 17, 1890, and paid thereon only at various times, $2,975.30.   The allegation in which this cause of action is found is so general and wanting in detail that the court is left to infer or spell out the fact that there may possibly be involved and in dispute on the trial many items of account.   It has been distinctly held by the court of last resort that the moving party, to bring the case within the purview of the provision of the Code, must allege at least such a state of facts as will justify the legal inference that the trial will involve the examination of a long account.   *Thayer* v. *McNaughton,* 117 N. Y. 111, 22 N. E. Rep. 562.   The affidavit of the plaintiffs' attorney, read in support of the motion, does not supply the omission suggested.   It contains the opinion of the attorney that the trial will require the examination of a long account, but fails to give the facts upon which the same is based.   The most that the plaintiffs have proved is that possibly the trial may develop that it is necessary to examine many items of account, but this is not sufficient to justify or support an order of compulsory reference.   By the seventh and eighth paragraphs of the answer, the defendant admits the sale and delivery of all the goods and merchandise and work performed, set out in the third cause of action, and joins issue on one payment of $29.48, and the value or agreed price of the merchandise and labor constituting the plaintiffs' third cause of action.   The mere statement of the issues made by the pleadings makes the inference quite probable that very few items will come in dispute on the trial.   The counter-claim set up in the answer is for damages for alleged breach of contract, and in no sense involves an account such as is required to make the case referable, under section 1013 of the Code.   The order appealed from must be reversed, and the motion denied, with $10 costs and disbursements.