GEORGE C. MURPHY, RESPONDENT, v. THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, APPELLANT.

*Negligence — railroad corporation — owes no duty to one who exposes himself to a danger not necessary to his employment.*

An employee of a firm of coal dealers, engaged in hauling coal from open cars in the yard of a railroad corporation, was told by one of the firm of coal dealers to see how much coal was left in the car and bring him word. Upon returning to the yard he climbed upon the platform of the car, and while he was attempting to pass around the brake, other cars were moved upon the same track which came in contact with the car in question and his foot was crushed.

The railroad company had no notice that the driver was in this exposed position when the cars were moved.

*Held,* that as the adventure of the employee, in climbing upon the end of the car, was no part of the business of unloading coal, and as there was no evidence of the omission of the ordinary signals used in moving cars, the railroad company owed him no duty and he could not recover.

APPEAL by the defendant, the New York, Lake Erie and Western Railroad Company, from an order, made at the Erie Special Term and entered in the office of the clerk of the county of Niagara on the 3d day of September, 1891, denying a motion of the defendant for a new trial, and from a judgment, entered in said clerk's office on the same day upon a verdict in favor of the plaintiff for $850, after a trial at the Niagara Circuit before the court and a jury.

*E. C. Sprague*, for the appellant.

*W. W. Storrs*, for the respondent.

DWIGHT, P. J.:

The action is to recover damages for a bodily injury sustained by the plaintiff by reason of alleged negligence of the defendant. The plaintiff was in the employ of a firm of coal dealers in Lockport as a driver, and at the time of the accident was engaged in hauling coal from the yard of the defendant. The coal was shoveled into his wagons, from a car standing on the track, by another laborer employed by the coal dealers  On one of his return trips to the railroad yard the plaintiff was directed by one of his employers to see how much coal was left in the car and bring him word.  Having reached the yard and changed his horse from the empty wagon to the loaded one, he went to the end of the car and climbed up onto the projecting timbers, or what he calls the platform of the car, and was attempting to pass around the brake which stood at the corner where he got up, when other cars, being moved on the same track, came in contact with the car on which he stood and his foot was caught between the bumpers and the injury was received of which he complains. The car from which the coal was being unloaded was a " Gondola," or open car, with its floor about four feet from the track and its sides about three feet and a half above the floor. The only witnesses sworn in the case were the plaintiff and one of his employers, and the latter testified only to the plaintiff's employ-ment and his character as a workman. At the close of this testimony counsel for the defendant moved for a nonsuit on the ground : (1.) That it is not shown that the accident occurred by reason of any violation by the defendant of any duty which it owed to the plaintiff. (2.) That when the plaintiff stepped upon the platform he did so at his own risk. (3.) That the plaintiff had failed to show that the defendant had been guilty of any negligence for which it was responsible in this action. (4.) That he had failed to show that he was free from negligence contributing to the accident. The motion for a nonsuit was denied and the defendant excepted.

We think the exception was well taken upon all or upon either of the grounds stated for the motion. It was not shown that the

defendant, or any of its servants engaged in the management and movement of its cars, had any notice or reason to suppose that the plaintiff was or was likely to be on the outside of the car or in a position to be injured by the contact of other cars with the one being unloaded. They were, no doubt, chargeable with notice that a man was engaged in shoveling coal from the car, and they were bound to use reasonable care not to move their cars in such a way as to endanger his safety ; and so it seems they did. The man in the car is not shown to have been in any way disturbed or inconvenienced. The adventure of the plaintiff in climbing up on the end of the car was no part of the operation of unloading the coal, and the information which he sought to obtain for his employer might, it would seem, have been as readily obtained by inspection from either his empty or his loaded wagon, both of which were placed close to the side of the car, as from the precarious footing on the end of the car itself. It may be conceded that he was guilty of no wrong or trespass in climbing up on the car, but even then, in the absence of notice to the defendant that he had or was likely to have done so, he did it at his own risk of the dangers incident to such an undertaking. Under those circumstances, it is impossible to see that the defendant owed to the plaintiff the duty of even ordinary care in the movement of their cars ; but if such were required there is nothing to show that it was omitted on the occasion of this accident. There is no evidence tending to show that the moving cars were brought to their position in any other than the most careful and usual manner. The jar of the contact was not shown to have been violent ; as has been said, it did not disturb the man who was at work on the car ; nor did it have the effect to dislodge the plaintiff from his position, but only to induce an effort on his part to obtain a better footing. It was in the attempt to do so that he stepped upon the bumpers of the two cars when in contact, and when, as he testifies, they were momentarily separated, his heel slipped between them and was caught when they came together a second time.

Indeed, it is not really contended that the defendant was guilty of any negligence, except in the failure to give notice to the plaintiff of the approach of the moving cars. But there is no evidence of the omission of any of the ordinary signals of the moving of trains or of cars in the yard, and it would be unreasonable to require an indi-

vidual warning to a person whose presence in a position of danger the defendant had no reason to anticipate. So that the whole question of the defendant's negligence resolves itself, as we think, into the inquiry already discussed, whether the defendant was bound to take notice that the plaintiff, or some other person, had the right to be, and was likely to be in the position of danger described.

We are much inclined to the opinion that the plaintiff's testimony fails to exculpate him from the charge of contributory negligence; but it is possible that that question might properly have been submitted to the jury if a case had been made in other respects. We prefer to place our judgment upon the ground that a case was not made in which the jury was justified in finding that the injury complained of was caused by the neglect of the defendant to perform any duty which it owed to the plaintiff.

The cases cited in the opinion at Special Term differ, as we think, materially from that at bar in the facts upon which the application of the doctrine stated depends. In *Barton* v. *New York Central and Hudson River Railroad Company* (1 T. & C., 297; affirmed, 56 N. Y., 660) the plaintiff was employed by the shipper in the work of transferring grain from the car of the defendant to a boat lying alongside the track; and the situation in which he was struck and injured by the car was one which was made necessary by the particular work in which he was engaged. In *Newson* v. *New York Central Railroad Company* (29 N. Y., 383) the plaintiff was employed to unload gravel from the car onto a wagon, and also to drive the wagon to the place where the gravel was used; and the accident was attributable not to any collision with the car, but to a negligent management of another train of the defendant close by, which frightened his horses and he was thrown from his load. In *Stinson* v. *The Same* (32 N. Y., 333), the plaintiff's intestate was himself the shipper of goods, and at the moment of the accident was helping to lift a carriage from the freight-house into the car close alongside, when the car was negligently moved in such manner as to crush him between it and the side of the building; but the question upon which that case turned was of the effect of a contract signed by the shipper which, it was claimed, devolved the risk of all such accidents upon himself. In all these cases the injuries were received when the persons injured were in situations required by the exigencies of

their employment, of which the defendant was chargeable with notice. The same is true of the case of *Ominger* v. *The Same* (6 T. & C., 498), which is cited in addition to the foregoing by counsel for the respondent. We find a distinction in principle between all these cases and the case at bar.

Upon the grounds hereinbefore stated we think the motion for a nonsuit should have been granted, and that for the error involved in its denial the judgment and order appealed from should be reversed.

Macomber and Lewis, JJ., concurred.

Judgment and order appealed from reversed and a new trial granted, with costs to abide the event.