MORRISON v. CRANE et. al.

(Supreme Court. General Term, Third Department. November 22, 1892.)

REFERENCE—WHEN NOT ALLOWED.
    In an action against assignees for the benefit of creditors to collect the amount of a mortgage which was a lien on property sold by them to plaintiff's assignor, and which he was afterwards compelled to pay, where the real issue is whether such assignees agreed to pay such mortgage, a compulsory reference cannot be had.

Appeal from special term, Montgomery county.

Action by Elsie S. Morrison, executrix of Alexander C. Morrison, deceased, against Nathan P. Hinman and Thomas H. B. Crane, assignees for the benefit of creditors, and others, to recover the amount of a mortgage which was a lien on property such assignees sold to plaintiff's assignor, and which he was compelled to pay. From an order of the special term appointing a referee, defendants appeal. Reversed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

C. S. Nisbet, for appellants.

E. F. Bullard, for respondent.

PUTNAM, J. The real issue in this case is whether the assignees of Clark & Kline agreed, on the sale to plaintiff's assignor of the real estate described in the complaint, to pay out of the purchase money the Morris mortgage, which was a lien thereon, and which plaintiff's assignor was afterwards compelled to pay. It is quite clear that the action does not involve the examination of a long account, within the meaning of section 1013 of the Code of Civil Procedure. If the plaintiff should succeed on the only real issue in the case, i. e., as to the agreement of the assignees of Clark & Kline to pay said mortgage, on which issue defendants are entitled to a trial by jury, a reference might be afterwards ordered, if desired, to take proof as to the portion of plaintiff's recovery that each defendant should pay. Drexel v. Pease, (N. Y. App.) 29 N. E. Rep. 241; Thayer v. McNaughton, 117 N. Y. 111, 22 N. E. Rep. 562; Camp v. Ingersoll, 86 N. Y. 433. The order should be reversed, with costs and printing disbursements, and the motion for a reference denied, with costs. All concur.