ALONZO ROBERSON, Respondent, *v.* JAMES MURRAY and Another, Appellants.

*Compulsory reference — examination of a long account.*

When in an action brought to recover a balance due for goods sold and delivered, it appears from a schedule forming part of the complaint that the sales were made on thirteen different dates, and from an inspection of the complaint and answer it is apparent that it will become necessary upon the trial for the plaintiff to make proof of all the sales referred to in the schedule, and thus establish the items of his account, and it is not apparent that the issues will involve the decision of difficult questions of law, and the appeal papers do not contain a bill of particulars which was before the court below, the General Term should not disturb the discretion exercised by the court below in ordering, upon the plaintiff's motion, a compulsory reference, under section 1013 of the Code of Civil Procedure.

APPEAL by the defendants, James Murray and Robert Hill, from an order of the Supreme Court, made at the Broome Circuit upon the motion of the plaintiff, and entered in the office of the clerk of Broome county on the 10th day of May, 1893, directing a reference to hear and determine the action.

*Charles D. Bloomfield* and *Frank S. Williams*, for the appellants.

*W. D. Edmister*, for the respondent.

HARDIN, P. J.:

Plaintiff's complaint alleges that goods amounting in value to $3,616.02 were sold and delivered to the defendants at their special request and instance, as stated in a schedule attached to and forming part of the complaint. By reference to the schedule it appears that the sales were made on thirteen different dates between August 11, 1891, and December 7, 1891. The complaint states that certain payments had been made and that there remains a balance due the plaintiff of $293.14. The defendants admit " that the goods sold by the plaintiff to the defendants were sold upon credit," and that there had been paid to the plaintiff $3,322.88. The answer then contains a denial of every other allegation " in said complaint contained except as hereinafter set forth and contained." Apparently it will become necessary upon the trial of the action for the plaintiff to make proof of all the sales referred to in his schedule attached to his complaint and thus establish the items of his account. Upon

the application for the order at the Circuit an affidavit was read in which it is stated "that plaintiff claims a balance due him upon an open account, but the defendants by their answer claim settlements from time to time between the dates above specified, and also claim many credits and discounts on account of such sales as aforesaid, which items of credits and settlements are denied.   *   *   *   That the trial of the aforesaid issue will, in deponent's opinion, require the examination of a long account of both parties as to charges and credits; and deponent respectfully refers to the pleadings and bill of particulars herein in confirmation of this affidavit." In an earlier portion of the affidavit it appears that a bill of particulars had been served. We find no bill of particulars in the appeal book. Apparently, therefore, it is inferable that a bill of particulars was used before the court when the order was made which is not presented to us. If that be so, the court had the benefit of that bill of particulars which has not been presented to us by the appellants in the appeal papers submitted to us.

Our attention is called to *Spence* v. *Simis* (22 N. Y. Supp. 76), which was a case somewhat like the one before us; it was held in that case, viz.: "In an action for goods sold and delivered, where plaintiff on the answer may be bound to prove each item of his account, consisting of 23 items, and he does not stipulate, on defendant's motion for a reference, to withdraw his claim on a *quantum meruit*, and rely solely on his allegation of a promise by defendant to pay, so that no proof of the items will be necessary, an order of reference is proper." Although the order made in that case was reversed by the Court of Appeals (137 N. Y. 616), it is stated in the opinion, as apparently the controlling ground of reversal, that defendant did not state that the trial would require " more than the brief examination of a single witness, who may have sold and delivered the goods to him. It is evident that the real controversy between the parties relates to the defendant's counterclaim, which is for attorney's services and disbursements in four different suits in the Supreme Court and Justice's Court, none of which constitutes a long account of such a character as to authorize a reference."

The case of *Thayer* v. *McNaughton* (117 N. Y. 111) differs from the one before us. In the course of the opinion in that case it was said : " There was no evidence before the court, when the order of

reference was made, that the statutory conditions existed upon which a compulsory reference could be ordered. There was nothing in the nature of the action, or in the pleadings, tending to show that the examination of a long account on either side would become necessary on the trial." The action is for an item of $300 for services rendered as an attorney, and there was nothing shown by the pleadings or the affidavit " to justify an inference that the trial would involve the examination of a long account." The case differs quite essentially from the one before us.

In *C. B. Keogh Manufg. Co.* v. *Moulton* (16 N. Y. Supp. 65) the affidavit did not show how many items of charges, or how long an account was involved.

In *Welsh* v. *Darragh* (52 N. Y. 592) CHURCH, Ch. J., said: "Actions on contract may be referred. This is an action on contract. The character of an action is determined by the complaint. * * * This court will not review the finding below that the action involves the examination of a long account if the facts will warrant such a finding. If the facts show that the examination of a long account may be necessary, and the court below has decided to refer the action, this court will not interfere. It is only when it is palpable that no such account can be involved that an appeal will lie to this court;" citing *Kain* v. *Delano* (11 Abb. [N. S.] 29).

In *Williams* v. *Allen* (2 Hun, 377) it appeared that the defendants only intended to dispute three items of the account; it also appeared that one of these items was made up of a large number of small charges which would have to be proved on the trial, and an order of reference was sustained by this court in the General Term held by the first department. It is not apparent from the pleadings, the nature of the action, or from any affidavit produced to the court below, that the issues will involve the decision of difficult questions of law. Upon the papers before us we think we ought not to disturb the discretion exercised by the Circuit when it ordered a reference pursuant to the power conferred upon the court by section 1013 of the Code of Civil Procedure.

The order should be affirmed, with ten dollars costs and disbursements.

MERWIN, J., concurred; MARTIN, J., not sitting.

Order affirmed, with ten dollars costs and disbursements.