Timothy L. Hayes, Appellant, v. James P. Bainbridge, Respondent. — Order appealed from affirmed, with ten dollars costs and disbursements.

John Butscheck, Plaintiff, v. The Vacuum Oil Company, Defendant.—Plaintiff's motion for a new trial denied and judgment ordered for the defendant on the verdict on the authority of *Mahoney* v. *Same* (76 Hun, 579). Haight, J., not sitting.

Chester W. Chapin, Plaintiff, v. The Niagara Racing Fair Grounds Association, Defendant. —Order appealed from affirmed, with ten dollars costs and disbursements.

John Burton, Respondent, v. Peter V. Egbert, Appellant.—Judgment of the County Court of Cayuga county appealed from affirmed, with costs.

Walter N. Mecklan, Appellant, v. The Buffalo Spring and Gear Company, Respondent.— Judgment and order appealed from affirmed.

Allen J. Hastings, Respondent, v. The Brooklyn Life Insurance Company, Appellant.— Judgment and order appealed from affirmed.

George C. Murphy, Appellant, v. The New York, Lake Erie and Western Railroad Company, Respondent.—Order appealed from affirmed on the opinion of this court in same case (62 Hun, 587).

William W. Mumford, as Receiver, etc., Appellant, v. George W. Crouch and Frank P. Crouch, Respondents.—Judgment appealed from affirmed, with costs.

Laurella Morris, as Administratrix, etc., Respondent, v. The Lake Shore and Michigan Southern Railway Company, Appellant.— Judgment and order appealed from affirmed.

George E. Ramsey and Another, Respondents, v. The Keystone Gas Company, Appellant.— Judgment and order affirmed.

In the Matter of the Guardianship of Lucinda F. Emerick.—Order of the surrogate of Monroe county affirmed, without costs.

#### Motions.

Lizzie Wilson, Appellant, v. Moriah Heath, as Executrix, etc., Respondent. — Motion to strike case from the calendar and for affirmance granted on default.

John O'Connell, Respondent, v. George A. Lee, Appellant.—Motion to strike case from the calendar and for affirmance granted on default.

James H. Clark, Respondent, v. The City of Rochester, Appellant.—Motion to strike case from the calendar and for affirmance granted on default.

In the Matter of the Probate of the Will of Simeon Kriebler, Deceased.—Motion to dismiss appeal granted on default.

Ida Green, Respondent, v. The Middlesex Valley Railway Company, Appellant.—Motion to strike case from the calendar and for affirmance granted, with costs, unless printed papers are served on or before the second Thursday of the term.

Bloom v. National Benefit Loan Company.— Motion to strike case from the calendar and for affirmance granted, with costs, unless papers are served on or before the second Friday of the term.

Mary A. Knope, Respondent, v. Joseph Nunn, Appellant.—Motion to strike case from the calendar and for affirmance denied, without costs.

The People of the State of New York ex rel. Bernard Ritzenthaler v. Edward F. Higgins and Others.—Motion for leave to appeal to the Court of Appeals granted.

William Kiernan and Another, Appellants, v. The Agricultural Insurance Company, Respondent.—Motion for reargument granted.

Edwin Einstein, Appellant, v. Rochester Gas and Electric Company and Another, Respondents.- Motion for leave to appeal to the Court of Appeals granted for the reason that in our opinion the question arising in the case is of sufficient importance to render a decision of that court desirable before proceeding further.

George Werner v. The City of Rochester.—Motion for leave to appeal to the Court of Appeals granted.

Auburn Button Company v. Philip Silvester and Others.— Motion to amend decision granted, so as to show that the judgment be reversed on questions of fact as well as questions of law, but on condition that the defendant, if so advised, may discontinue his appeal to the Court of Appeals, without costs of the appeal.

---

## First Department, June Term, 1894.

Charles P. Hemenway and Others, Respondents, v. Morris F. Knudson and Others, Appellants. — Order affirmed, with ten dollars costs and disbursements. No opinion.

In the Matter of Sophia Moss.— New trial ordered upon issues to be framed in the order to be entered hereon, and case sent to the Court of Common Pleas for such retrial, with costs to appellant to abide event.—

VAN BRUNT, P. J.: It is impossible, in the disposition which is to be made of the appeal in the case at bar, to discuss in this opinion at any length the evidence which is contained in the record, without giving expression to opinions formed by a consideration of this evidence to which undue and improper weight may be given upon a retrial of this proceeding before a jury. It has become too much the practice to permit the presentation to juries of the opinion of courts upon given questions of fact, with which opinion the jury has nothing to do. The jury has to determine the questions of fact governed by the impression which the evidence offered during the progress of the trial makes upon their

judgment—such impressions to be guided and controlled by the rules of law which may be laid down for their guidance by the charge of the court. The opinions of an appellate court in the discussion of evidence have no place in the jury box. But they are so often used for the purpose of influencing the judgment of juries that it has become hazardous to indulge in such discussion. In the case at bar we have determined, therefore, simply to state the conclusion to which we have arrived, and to give some expression of opinion as to the general character of the rulings of the court below in respect to the large mass of evidence which makes up the record upon this appeal. It is undoubtedly true that the door was thrown wide open for the admission of evidence upon the trial of this case — so wide open that a vast amount of irrelevant and improper material has been embraced within this record, and has probably influenced the mind of the surrogate in coming to the conclusion at which he arrived. The question which was to be determined upon the trial of the issues presented was as to