AVERY et al. v. SAND.

(Supreme Court, Appellate Division, Third Department. September 29, 1896.)

COMPULSORY REFERENCE—WHEN GRANTED.

　　Merely because a case is triable by the court without a jury does not authorize a compulsory reference under Code Civ. Proc. § 1013, which provides that "the court may, of its own motion ＊ ＊ ＊ direct a trial of the issues of fact, by a referee, where the trial will require the examination of a long account, on either side, and will not require the decisions of difficult questions of law. In an action, triable by the court, without a jury, a reference may be made, as prescribed in this section."

Appeal from circuit court, Albany county.

Action by William L. Avery and others against John H. Sand to set aside a deed and for other relief. A compulsory reference was granted, and plaintiffs appeal. Reversed.

Argued before PARKER, P. J., and HERRICK, MERWIN, and PUTNAM, JJ.

Montignani, Mallory & Elmendorf (George H. Mallory, of counsel), for appellants.

The case was not one permitting a compulsory reference, because it will require the decision of difficult questions of law. Rochester v. Mayor, etc., 9 Civ. Proc. R. 226; Magown v. Sinclair, 5 Daly, 63; Draper v. Day, 11 How. Prac. 439; Bushnell v. Eastman, 2 Abb. Prac. (N. S.) 411; Goodyear v. Brooks, 4 Rob. (N. Y.) 682; Quinn v. McDonald (Sup.) 10 N. Y. Supp. 855; Wheeler v. Falconer, 7 Rob. (N. Y.) 45; McLean v. Insurance Co., 8 Bosw. 700.

J. H. Clute, for respondent.

(1) The action was one of equity, and therefore one which the court could try without a jury. Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 883, 977; Cattle-Co. v. Mann, 130 U. S. 69, 9 Sup. Ct. 458; Shepard v. Railroad Co., 131 N. Y. 215, 30 N. E. 187; Lynch v. Railroad Co., 129 N. Y. 274, 29 N. E. 315; Randall v. Randall, 114 N. Y. 499, 21 N. E. 1020. (2) If the action was one triable by the court without a jury, a reference could be directed as prescribed in section 1013 of the Code of Civil Procedure.

HERRICK, J. This is an appeal from an order of reference made at the circuit upon the motion of the court, and against the objection of the plaintiff, referring all the issues in the action to a referee to hear and determine. The action is one in equity. Whatever opinion I might have if this was an original question arising under section 1013 [1] of the Code, I feel constrained by the decisions in the cases of Barnes v. West, 16 Hun, 68, and Thayer v. McNaughton, 117 N. Y. 111, 22 N. E. 562, to hold that the court had no right upon its motion to make the order appealed from.

The order of reference should therefore be reversed, with $10 costs and disbursements of this appeal. All concur.

[1] Code Civ. Proc. § 1013, is as follows: "The court may, of its own motion, or upon the application of either party, without the consent of the other, direct a trial of the issues of fact, by a referee, where the trial will require the examination of a long account, on either side, and will not require the decisions of difficult questions of law. In an action, triable by the court, without a jury, a reference may be made, as prescribed in this section, to decide the whole issue, or any of the issues; or to report the referee's finding, upon one or more specific questions of fact, involved in the issue."