LEARY et al. v. ALBANY BREWING CO.

(Supreme Court, Appellate Division, Fourth Department.    November 19, 1901.)

1. COMPULSORY REFERENCE—LONG ACCOUNT—REAL ISSUE.

Where, in an action to recover for plumbing and other work on defendant's building, a schedule containing 43 items, 18 of them less than $1, and so small as to preclude controversy as to their value, was attached to the complaint, and the answer contained a general denial, but with a special averment that defendant had had no dealings whatever with plaintiffs, it was error to order a compulsory reference; it being apparent that the real issue was whether the work was authorized by defendant, and not the examination of a long account.

2. SAME—WHAT CONSTITUTES.

A claim for plumbing and other work on defendant's building, covering 43 items, only 9 days' work being charged for, and the services and materials being furnished in doing one piece of work, and relating to one transaction, is not a "long account," within Code Civ. Proc. § 1013, authorizing a compulsory reference of cases involving long accounts.

Appeal from special term, Herkimer county.

Action by John F. Leary and another, composing the firm of Leary & Malone, against the Albany Brewing Company. From an order granting defendant's motion to appoint a referee, plaintiffs appeal. Reversed.

The action was commenced on the 25th day of March, 1901, to recover for materials alleged to have been furnished to, and services rendered for, the defendant, during the month of December, 1900, of the value of $153.33. A schedule was attached to the complaint, and made a part thereof, which was an itemized statement of the plaintiffs' alleged account, and contained 43 items, ranging in amounts from $35.75 to 6 cents; 18 of them being for sums less than $1. The defendant by its answer denies every allegation in the complaint, except that it is a domestic corporation, and specifically alleges that it had no dealings of any kind or nature whatsoever with the plaintiffs.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Raymond D. Fuller, for appellants.

Florence J. Sullivan, for respondent.

McLENNAN, J.    It is apparent that the principal question to be determined between the parties to this action is whether or not the plaintiffs furnished materials to, and rendered services for, the defendant. The papers submitted upon this motion make it perfectly clear that the plaintiffs did certain plumbing and work upon a certain building in the city of Little Falls, for which they seek to recover in this action.    In form, by its general denial, the defendant denies this, but its substantial defense is contained in the specific allegation that it had no dealings whatsoever with the plaintiffs; in other words, that whatever work, if any, was done by the plaintiffs upon the building in question, was done without the authority of the defendant or by its procurement, and was not in any manner ratified by it.    So the real issue to be tried is whether or not the occupant of the building, who ordered the improvements, was acting for the defendant in so doing.    It is true that each item of the plaintiffs'

account may be litigated under the defendant's answer, but that is exceedingly improbable. Many of the items are small, involving only a few cents, and are of such a character as to substantially preclude controversy as to their amount or value. It is not enough to justify a compulsory reference that the case may by possibility involve the examination of a long account. Enough must be alleged or shown to justify the inference that such will be the course of the trial. Thayer v. McNaughton, 117 N. Y. 111, 22 N. E. 562. A compulsory reference cannot be ordered unless it appears with reasonable certainty that the hearing of the case will require the examination of a long account. Spence v. Simis, 137 N. Y. 616, 33 N. E. 554; Cassidy v. McFarland, 139 N. Y. 201, 34 N. E. 893. Only nine days' work is charged for, and the entire job was completed within a month. The services were rendered and the materials furnished in doing a single piece of work, and related to one transaction. We think that for that reason, considering all the circumstances, the plaintiffs' claim was not a long account, within the meaning of section 1013 of the Code of Civil Procedure. In Feeter v. Arkenburgh, 147 N. Y. 237, 41 N. E. 518, the headnote is as follows, viz.:

"Compulsory Reference—Long Account. In an action to recover for services alleged to have been rendered by plaintiff as an attorney, the complaint alleged an indebtedness for drawing, copying, and engrossing various instruments, examining accounts of certain executors before the surrogate, and in counseling and advising the defendant concerning her rights, duties, and obligations as an executrix, and for divers journeys and other attendance in and about the business of the defendant at her request, and for money paid, laid out, and expended by plaintiff in and about defendant's business. Attached to the complaint, and made a part thereof, was a bill containing about 150 items. The answer denied the allegations of the complaint, and upon motion of plaintiff an order of reference was granted. Held error; that the bill of items showed that plaintiff's services were confined mainly to looking after the interests of defendant as an executrix of a single estate, and one or two personal matters, and related substantially to one transaction, and was not a long account, within the meaning of section 1013, Code Civ. Proc. Mem. of decision below, 87 Hun, 619, 33 N. Y. Supp. 1127."

It follows that the order appealed from should be reversed.

Order reversed, with $10 costs and disbursements to the appellant, and motion denied, with $10 costs.

All concur; WILLIAMS, J., in result, and HISCOCK, J., in result on the ground that the facts in this case did not warrant a compulsory reference.