## FOWLER v. PECK.

### (Supreme Court, Appellate Term. June 28, 1906.)

REFERENCE—COMPULSORY REFERENCE—GROUNDS—EXAMINATION OF LONG ACCOUNT.

A complaint alleged that between December and the following May plaintiff rendered medical services for defendant, and attached to the complaint was a schedule giving the date and charge for each visit. The answer admitted that the services were rendered, but denied the dates and values of the visits, and that the services were rendered as set forth in the schedule. *Held*, that the pleadings did not indicate that the trial would necessarily involve the "examination of a long account," within Code Civ. Proc. § 1013, authorizing a compulsory reference in such a case.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Reference, § 21.]

Appeal from City Court of New York, Special Term.

Action by Edmund P. Fowler against Robert W. Peck. From a judgment directing a compulsory reference, defendant appeals. Reversed.

Argued before GILDERSLEEVE, LEVENTRITT, and McCALL, JJ.

A. H. Walker, for appellant.

H. B. Heylman, for respondent.

PER CURIAM. The complaint alleged that between December 2, 1903, and June 11, 1904, plaintiff rendered medical services to defendant and members of his family, and furnished medicines. Attached to the complaint, and making part thereof, is a schedule giving the dates and charge for each visit, making the alleged long account. The answer admits that services as a physician were rendered by plaintiff to defendant between December 2, 1903, and June 11, 1904, but denies the dates and values of the visits set forth in the schedule, and also denies that the services were rendered as set forth in said schedule. The answer does not specifically deny that services were rendered to members of defendant's family as set forth in the schedules. The services were rendered under one employment, so far as the pleadings show.

We do not think that the pleadings indicate that the trial of the action will necessarily involve the examination of a long account, within the meaning of section 1013 of the Code of Civil Procedure. The question as to a waiver by appellant by reason of his having gone on with the trial before the referee is not before us, as there is nothing in the record to indicate that there was any trial before the referee.

The order must be reversed, with costs and disbursements.