(128 App. Div. 226.)

## LEVINE v. ROYAL BANK OF NEW YORK.

(Supreme Court, Appellate Term.   December 16, 1908.)

REFERENCE (§ 8*)—EXAMINATION OF "LONG ACCOUNT."

An action for work performed and material furnished does not involve a long account within the meaning of the Code, so as to require a reference, where the work done, though upon 43 different apartments in an apartment house, appears to have been under a single employment, and the only work specified in the bill of particulars is papering and kalsomining, and none of the items making up the charge appear to be at all complex, and all of them must of necessity have been of a similar general character.

[Ed. Note.—For other cases, see Reference, Cent. Dig. §§ 16–20; Dec. Dig. § 8.*

For other definitions, see Words and Phrases, vol. 5, p. 4229; vol. 8, p. 7709.]

Appeal from City Court of New York.

Action by Henry Levine against the Royal Bank of New York. From an order referring the cause to a referee to hear and determine the same, defendant appeals.   Reversed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Samuel Packard, for appellant.
Samuel D. Matthews, for respondent.

GIEGERICH, J.   The action was brought to recover the reasonable value of certain work, labor, and services alleged to have been performed and materials alleged to have been furnished by the plaintiff to the defendant, less a certain payment admitted to have been received on account.   The answer was a general denial.   Upon the plaintiff's motion the cause was referred to a referee to hear and determine the issues.

The work was performed upon an apartment house known as No. 510 West 124th street, borough of Manhattan, New York City.   The papers contain a bill of particulars showing that the charge is made up of 43 items, ranging from $3 to $62.50, and averaging a little less than $30 each.   This is not the case of a long account within the meaning of the Code provision, and the defendant was entitled to a jury trial.   Feeter v. Arkenburgh, 147 N. Y. 237, 41 N. E. 518;  Spence v. Simis, 137 N. Y. 616, 33 N. E. 554;  Randall v. Sherman, 131 N. Y. 669, 30 N. E. 589;  Hedges v. Methodist, etc., Church, 23 App. Div. 347, 48 N. Y. Supp. 154;  Estes v. Dean, 1 App. Div. 34, 36 N. Y. Supp. 747;  Fowler v. Peck, 51 Misc. Rep. 645, 99 N. Y. Supp. 816;  Smith v. Royal Assurance Corporation, 114 App. Div. 868, 100 N. Y. Supp. 194.   The work done, although performed upon 43 different apartments in the apartment house in question, appears to have been done under a single employment, and to have constituted but a single transaction.   The only work specified in the bill of particulars is papering and kalsomining, and none of the items making up the charge appear from the record to be at all complex in themselves, and all of them must of necessity have been of a similar general character.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The case was quite within the capacity of a jury to hear and determine, and, as will be seen by an examination of the cases cited, compulsory references have been frequently denied in cases of much greater complexity and involving items much more numerous and much more difficult to pass upon and appraise.

It may also be noted, although we do not think it necessary to the decision, that it appears from the affidavit in opposition to the motion that there was no serious dispute as to the rendition of the services, but that the real question in issue is whether the person by whom the plaintiff was employed was the agent of the defendant. . See Leary v. Albany Brewing Co., 66 App. Div. 407, 72 N. Y. Supp. 657.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.