ALBERT R. LEONARD, Respondent, v. FREDERIC A. CAMMANN and Others, Liquidating Partners of TAPPIN, ROSE & CAMMANN, Defendants, Impleaded with MIDDLETON ROSE and LILLIAN JACQUES ROSE, Appellants.

First Department, June 29, 1939.

*Arthur G. Syran,* for the appellants.

*Allen K. Bergman,* for the respondent.

CALLAHAN, J.   The complaint contains three causes of action.

The first cause of action is one demanding an accounting.   It alleges, in substance, that plaintiff, Middleton Rose, the three defendants named as liquidating partners and one Tappin (not

a party to this action) were all members of a partnership prior to February 29, 1932; that plaintiff and Tappin withdrew on that date; that later a certain sum was agreed to as plaintiff's share of the liquid assets; that he had been paid that agreed sum; that assets remained which the liquidating partners were to collect and distribute; that, included in such assets, was an indebtedness for money loaned by the partnership to Middleton Rose individually, which indebtedness was evidenced by a note the payment of which was guaranteed by Lillian Jacques Rose; that plaintiff does not know what disposition the liquidating partners have made of the assets remaining after the partial distribution above referred to, but has been informed that said liquidating partners, over the protests of the plaintiff, have from time to time extended the time for repayment of the note of Middleton Rose.

It appears, therefore, that the first cause of action sufficiently sets forth facts warranting an accounting by the liquidating partners. Middleton Rose as a partner at the time of the dissolution would be a proper, if not a necessary party to such an accounting. Ordinarily all partners are necessary parties to an. action for a partnership accounting. (*Morrison* v. *VanBenthuysen,* 103 N. Y. 675.) However, we find no cause of action stated as to appellant Lillian Jacques Rose under this portion of the complaint.

The second cause of action, after repeating the matters previously outlined, states that the liquidating partners have failed to perform their duty as such by extending the time of payment of the note for upwards of seven years; that such extensions were made by the concerted action, agreement and consent of all the defendants, " all of which * * * were unlawful." It further states that such concerted action, agreement and consent were designed to preclude the plaintiff from recovering his proportionate share in the collection of the obligation of Middleton Rose and in the other assets of the partnership, in violation of the duty of the liquidating partners to promptly collect and distribute the assets, and that the extensions to Middleton and Lillian Jacques Rose to pay their obligation were designed to forestall the collection of the debt owed by the Roses.

A partner entitled to an accounting may, in an action for such relief, join a third party who, with one or more of the partners, has wrongfully deprived the partnership of some of its assets, and require the third party to account therefor (*Schoner* v. *Koeppel,* 237 App. Div. 860); or plaintiff may charge the liquidating partner and the debtor with willful and fraudulent waste and hold the debtor responsible by reason of collusive participation. (See *Sweet* v. *Morrison,* 103 N. Y. 235, 241.)

We think that the second cause of action, stripped of the numerous conclusions of law set forth therein, falls short of alleging sufficient facts to show wrongful misconduct of appellants. A mere agreement to extend the time of payment would not be unlawful *per se*. Nor would such an agreement be willful or fraudulent waste, especially on the part of these appellants — the debtor and the guarantor of the debt. Facts should be set forth to show the unlawful concerted action. Conclusions of law will not suffice.

The third cause of action adds numerous statements of fact to the allegations repeated from the first and second causes of action. Among other things it states that the defendant Lillian Jacques Rose had, to the knowledge of the liquidating partners, following the date of the maturity of the note of Middleton Rose, a large amount of property which would have been sufficient to satisfy the obligation owed by the appellants. It alleges that Lillian Jacques Rose continued to have such funds during the time within which the liquidating partners failed to perform their duty to collect the debt, and that at present neither Middleton Rose nor Lillian Jacques Rose, has any assets. Liberally construed, we think that these allegations sufficiently set forth some unlawful conduct on the part of the appellants acting in concert with the liquidating partners. If the liquidating partners knew that appellants had property sufficient to discharge their indebtedness, and the appellants by agreement with such partners extended the time of payment for seven years, with the design of preventing the collection of the debt, an unlawful deprivation of property or waste of partnership assets would have occurred.

The order appealed from should be modified to the extent of dismissing the first cause of action as to appellant Lillian Jacques Rose, and dismissing the second cause of action as to both appellants, and as so modified affirmed, with twenty dollars costs and disbursements to the appellants, with leave to the plaintiff to plead anew within twenty days after service of order with notice of entry thereof, on payment of said costs.

Martin, P. J., O'Malley, Townley and Cohn, JJ., concur.

Order unanimously modified by granting the motion to dismiss the first cause of action as to the appellant Lillian Jacques Rose and by granting the motion to dismiss the second cause of action as to both appellants, and as so modified affirmed, with twenty dollars costs and disbursements to the appellants, with leave to the plaintiff to plead anew within twenty days after service of a copy of the order with notice of entry thereof, on payment of said costs.