ANNA E. MARR, Individually and as Administratrix with the Will Annexed of the Estate of ARTHUR P. MARR, Deceased, Appellant, *v.* JOSEPH FRANK et al., Respondents.

First Department, February 26, 1946.

*Irving Levine* for appellant.

*Morris Bauman* of counsel (*Rauch & Bauman,* attorneys), for respondents.

GLENNON, J. Plaintiff as administratrix of the estate of her deceased husband, Arthur Phelps Marr, and individually as his sole legatee and devisee, instituted this action against the defendant Frank for an accounting and a dissolution of the partnership which was entered into by defendant Frank with her deceased husband under a written agreement.

Three causes of action are set forth in the amended complaint. The first is based upon the refusal of the defendant Frank to account to plaintiff for partnership assets and to pay over her share of such assets, after due demand therefor had been made.

In the second cause of action it is charged that Frank diverted and transferred copartnership assets and money for his own benefit and use; that Frank and a corporation known as Gemloid Corporation were indicted and convicted for diverting critical war material; that a fine of $6,000 was imposed upon the defendant Frank and that he paid the fine out of the partnership assets without the knowledge or consent of the plaintiff.

The third cause of action alleged in substance that the defendant Gemloid Corporation is wholly owned and controlled by the defendant Frank; that the partnership transacted business in the same building which was occupied in part by Gemloid; that the defendant Frank diverted and transferred copartnership assets to Gemloid without consideration; and that the defendants failed to pay over or account to plaintiff for assets so diverted and transferred.

We are inclined to the view that the defendant Gemloid Corporation was a proper party. In the event that plaintiff succeeds in establishing the facts upon which her third cause of action is predicated, a decree may be entered directing that Gemloid return the copartnership assets which it unlawfully received. (*Leonard* v. *Cammann,* 257 App. Div. 387; *Schoner* v. *Koeppel,* 237 App. Div. 860.) Consequently we are of the opinion that the third cause of action should not have been stricken out and should be reinstated.

We do not think it necessary, however, to reinstate the second cause of action since the relief sought under it may be obtained under the first cause of action which has not been attacked.

The order appealed from should be modified insofar as to deny the motion to dismiss the third cause of action, and as so modified affirmed, without costs, with leave to the defendants to answer within ten days from service of the order to be entered hereon with notice of entry thereof.

MARTIN, P. J., TOWNLEY, DORE and COHN, JJ., concur.

Order unanimously modified insofar as to deny the motion to dismiss the third cause of action, and as so modified affirmed, without costs, with leave to the defendants to answer within ten days after service of the order with notice of entry thereof. [See *post,* p. 840.]